IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JASON JAUME-SUAREZ
Plaintiff

vs                                              CIVIL 11-1076CCC

UNITED STATES OF AMERICA
Defendant

### OPINION AND ORDER

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set
Aside or Correct Sentence (hereinafter "Petition") filed by petitioner Jason
Jaume-Suarez ("hereinafter "Petitioner" or "Jaume") (**docket entry 1**) and the
Response to the Petition filed by respondent United States (docket entry 5).
For the reasons discussed below, the Petition is DENIED.

## I.   BACKGROUND

Petitioner and seventy other defendants were indicted on August 5, 2008
and charged with being members of a large-scale conspiracy to distribute
heroin, cocaine, crack cocaine, marijuana, Oxycodone and Alprazolam, within
1,000 feet of a private or public school and/or public housing project and/or a
playground, in violation of Title 21, United States Code, §§ 841(a)(1), 860
and 846.  All were charged with predicate substantive offenses, and some also
faced firearms charges.  (Crim. No. 08-0281CCC, docket entry 3).

Petitioner entered a plea of guilty to Count One of the indictment, the
conspiracy count, on February 23, 2010 based on a plea agreement pursuant
to Fed. R. Crim. P. 11 (c)(1)(B). (Crim. No. 08-0281CCC, docket entries 1390,
1392, 1429).   Jaume  was  sentenced  on  May  17,  2010  to  60  months

CIVIL 11-1076CCC                    2

imprisonment and a term of supervised release of eight (8) years.  (Crim.
No. 08-0281CCC, docket entry 1578).  No notice of appeal was filed.

Petitioner is currently on supervised release and pending revocation
proceedings triggered by a violation of state law.  His trial on the state charges
is pending.  Nevertheless, because Jaume is under court supervision, he is
considered in custody for purposes of his motion filed under 28 U.S.C. § 2255.
See United States v. Barrett, 178 F.3d 34, 42 (1st Cir. 1999);  United States v.
Brown, 117 F.3d 471, 475 (11th Cir. 1997);   cf. United States v.
Collazo-Castro, 660 F.3d 516, 522 (1st Cir. 2011).

In his Petition under 28 U.S.C. § 2255 (docket entry 1), petitioner argues
that the calculation of his base offense level should have been lower because
the drug quantity was not established and there was insufficient proof to justify
the sentence increase.  Additionally, petitioner points to a general violation of
his rights under 28 U.S.C. § 2255 but also argues that defense counsel failed
to consult with him in relation to an appeal which he would have filed  (docket
entry 1 at p. 8).  Petitioner does not ask for an evidentiary hearing or any
specific remedy beyond tracking the statutory language of 28 U.S.C. § 2255.

In response to the section 2255 motion, the government notes that the
Court addressed petitioner at length in relation to his waiver of the right to
appeal, as such waiver appears in the plea agreement.  The sentencing
recommendation having been accepted, the waiver of appeal was effectively
triggered.  (Docket entry 5).  The government concludes that since there was
no specific directive to appeal, no violation of petitioner's right to adequate
assistance of counsel occurred.   Indeed, the government argues, and it

CIVIL 11-1076CCC                                3

appears from the record, that defense counsel had no reason to believe that petitioner would have wanted to appeal the sentence.

## II.   DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3, 82 S.Ct. 468 (1962); United States v. Sevilla-Oyola, ___ F.3d ___, 2014 WL 2462551 (1st Cir. 2014) at *7; David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). A claim of ineffective assistance of counsel is one such constitutional violation that may be raised by way of a section 2255 motion.  See United States v. Fornia-Castillo, 408 F.3d 52, 65 (1st Cir. 2005);  United States v. Kayne, 90 F.3d 7, 14 (1st Cir. 1996).  To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner.  Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010).  The defendant bears the burden of proof for both elements of the test.   See Cirilo-Muñoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005) (citing Scarpa v. Dubois, 38 F.3d 1, 8-9 (1st Cir. 1994)).

Petitioner received the statutory minimum sentence of 60 months after a very favorable plea agreement was negotiated.  Indeed,  the sentence was exactly what was negotiated and petitioner's ethereal showing does not require

CIVIL 11-1076CCC                    4

the Court to develop the record further as to any possible violation of petitioner's right to appeal having been violated.  As a whole, petitioner's arguments are simply inadequate and undeveloped.  See Nikijuluw v. Gonzales, 427 F.3d 115, 120 n.3 (1st Cir. 2005); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); Espinal-Gutierrez v. United States, 887 F. Supp. 2d 361, 378 (D.P.R. 2012).  During the plea colloquy, the Court explained the waiver of appeal clause and petitioner acknowledged understanding the consequences of the waiver of appeal clause contained in the plea agreement. A review of his argument reveals no unequivocal allegation that counsel was given a direct instruction to file a notice of appeal. Nor do the circumstances of this case lend themselves to the logical conclusion that there would have been an insistence upon the filing of an appeal.  In reaching this conclusion, the Court does not consider the lack of merit in the points vaguely raised by petitioner, but rather focuses on petitioner's failure to make the necessary showing that he is entitled to relief.  See Rodriguez v. United States, 395 U.S. 327, 89 S.Ct. 1715 (1969); cf. Roe v. Flores-Ortega, 528 U.S. 470, 485-86, 120 S.Ct. 1029 (2000).  Furthermore, his protestations now are firmly contradicted by his statements made under oath during the plea colloquy.  (Docket entry 2265 at 22-25, 28-29).  See Porcaro v. United States, 832 F.2d 208, 214 (1st Cir. 1987);    Otero-Rivera v. United States, 494 F.2d 900, 902 (1st Cir. 1974).  Finally, the cases cited by Jaume in support of the motion are readily distinguishable considering the factual posture of this case.  See Parsons v. United States, 505 F.3d 797, 798-800 (8th Cir. 2007); United States v. Shedrick, 493 F.3d 292, 298-302 (3rd Cir. 2007);  United States v. Snitz, 342 F.3d 1154, 1155-59 (10th Cir. 2003).

CIVIL 11-1076CCC                    5

## III.  CONCLUSION

The Court has conducted a review of the pertinent parts of the record germane to the issues raised by petitioner.  Specifically, if one reads the plea agreement along with the transcripts of the plea colloquy and sentencing hearing, only one conclusion can be reached: petitioner's claim of ineffective assistance of counsel must fail.  Petitioner has not made a showing that his right to effective assistance of counsel has been violated under either prong of Strickland, 466 U.S. at 687, 104 S.Ct. 2052.  But even assuming  that counsel's representation somehow fell below an objective standard of reasonableness, petitioner would still have to prove that it resulted in prejudice to his case.  See Owens v. United States, 483 F.3d 48, 63 (1st Cir. 2007) (quoting Strickland v. Washington, 466 U.S. at 687-88, 104 S.Ct. 2052).  That is, there must be a reasonable probability that but for counsel's actions, the result of the proceedings would have been different.  See Dugas v. Coplan, 428 F.3d 317, 334 (1st Cir. 2005) (quoting Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. 2052).  Petitioner has failed to establish that his counsel's representation fell below an objective standard of reasonableness, and was thus constitutionally deficient.  See Id. at 686-87, 104 S.Ct. 2052; United States v. Downs-Moses, 329 F.3d 253, 265 (1st Cir. 2003).  Therefore, there is no merit to the petition for an extraordinary writ.

In view of the above, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (**docket entry 1**) is DENIED.  Judgment shall be entered accordingly.

Based upon the above, no certificate of appealability will issue in the event that petitioner files a notice of appeal, because there is no substantial

CIVIL 11-1076CCC                    6

showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000).

     SO ORDERED.

     At San Juan, Puerto Rico, on July 31, 2014.


                           S/CARMEN CONSUELO CEREZO
                           United States District Judge